UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK NEMETH,<br>　　Plaintiff(s),<br>v.<br>CLARK COUNTY PUBLIC DEFENDER OFFICE, et al.,<br>　　Defendant(s). | Case No. 2:22-cv-00987-APG-NJK<br><br>REPORT AND RECOMMENDATION |

In an order issued concurrently herewith, the Court grants Plaintiff's application to proceed *in forma pauperis*. The undersigned herein screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

**I.　STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**II.   ANALYSIS**

Plaintiff seeks injunctive and monetary relief related to the allegedly ineffective efforts of his defense attorney (Jeff Maningo) in ongoing state criminal proceedings. *See* Docket No. 1-1 at 2-4. The Court will address each type of relief in turn.

A.   Injunctive Relief

Plaintiff first seeks an order from this Court requiring the appointment of new counsel to replace Attorney Maningo in the state court proceeding. *See* Docket No. 1-1 at 4. This request for injunctive relief is moot because the docket from the state court proceeding reflects that Plaintiff is now represented by a retained attorney, Spencer M. Judd. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of state court records).[1]

B.   Monetary Damages

The Court next turns to Plaintiff's claim for monetary damages. Plaintiff seeks $500,000 in damages from the Public Defender's Office, the Public Defender himself (Darin Imlay), and the Deputy Public Defender previously assigned to represent Plaintiff (Attorney Maningo). *See* Docket No. 1-1 at 4. Plaintiff's claim for monetary relief does not survive the screening process.

With respect to Attorney Maningo, a threshold requirement for proceeding with any § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation

---

[1] Even if that were not the case, Plaintiff's request for injunctive relief would fail based on abstention grounds. *Younger v. Harris*, 401 U.S. 37, 44 (1971).

of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is settled law that a public defender is not acting "under color of state law" when performing the traditional functions of defense counsel in an underlying criminal proceeding. *See, e.g.*, *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 & n.7 (1981); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Plaintiff's claim against Attorney Maningo arises out of his allegations that the representation in the criminal proceedings has been subpar. Docket No. 1-1 at 2-3. Such allegations fail to state a claim because Attorney Maningo is not a state actor in representing Plaintiff in the underlying state proceedings.[2]

With respect to the Public Defender and the Public Defender's Office, Plaintiff's claim is premised on the allegation that they have a policy of curtailing the means necessary to provide effective assistance to criminal defendants with an extensive criminal history. *See* Docket No. 1-1 at 2-3. Plaintiff alleges that this policy manifested itself in Attorney Maningo (1) not filing motions on his behalf and (2) not appropriately investigating his defense. *Id.* at 3. Plaintiff's claim cannot proceed against the Public Defender and the Public Defender's Office for two interrelated reasons. First, a claim brought pursuant to § 1983 succeeds only upon the infliction of (1) an injury (2) that was proximately caused by the defendant's conduct. *See, e.g.*, *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). In this case, Plaintiff has not alleged that the purported policy has resulted in any injury to him (*e.g.*, a guilty verdict), nor that a causal link exists between any injury and the alleged policy. Moreover, such an injury cannot plausibly be alleged at this juncture because Plaintiff's state court case remains in the pretrial stage and the state court docket reflects that Plaintiff is now represented by a retained attorney, Spencer M. Judd, *see Trigueros*, 658 F.3d at 987 (federal courts may take judicial notice of state court records). Attorney Judd would appear capable of filing motions and investigating Plaintiff's defense.

Second and related, any damages claim is not ripe for judicial review. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (quoting *Tex.*

---

[2] The damages claim against Attorney Maningo also fails for the reasons stated below.

*v. United States*, 523 U.S. 296, 300 (1998)). "That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In this case, Plaintiff's damages claim is not ripe. He has not alleged any existing injury from the Public Defender's alleged policy and, as noted above, Plaintiff now has new retained counsel in his state court criminal proceedings. Moreover, Plaintiff's jury trial has not yet occurred. Hence, Plaintiff's damages claim is (at best) contingent on future events that may not occur at all.[3] As a result, Plaintiff's claim for monetary damages against the Public Defender and the Public Defender's Office cannot survive the screening process.

### III.   CONCLUSION

In light of the above, Plaintiff has failed to state a claim. Moreover, any attempt to amend would be futile. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Dated: July 19, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[3] Even if Plaintiff is eventually convicted and even if Plaintiff can somehow plausibly allege that conviction resulted from the earlier ineffective representation caused by the alleged Public Defender's policy, Plaintiff would be barred as a general matter from seeking monetary damages based on ineffective assistance of counsel because such a claim would necessarily imply the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).